IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **02-cv-1009-JLK** (consolidated with 03-cv-153-JLK)

**PPI-II, LLC**,

       Plaintiff,

v.

**GOODROE HEALTHCARE SOLUTIONS, LLC,**

       Defendant.

---

## ORDER FOR ORAL ARGUMENT ON SUMMARY JUDGMENT MOTION

---

Kane, J.

Upon review of Defendant's Motion for Summary Judgment (Doc. 40) and related briefing, I have determined this case is appropriate for oral argument. A date and time for argument will be set by separate Minute Order. In anticipation thereof, I ask the parties to reflect on the following preliminary observations:

My inclination before argument is to grant the Motion for Summary Judgment on Plaintiff PPI's contract and fraud-based causes of action. I am also dubious at this point as to the viability of PPI's equitable claims for relief (unjust enrichment and injunctive relief, the latter of which begs justiciability and appears moot) given the fact that Plaintiff was paid for its "involvement" in the St. John's venture and cannot prove, on the basis of the record before me, that GHS realized a financial benefit as a result of its work that it has wrongfully retained, but would like to hear more about them at oral argument.

To wit:

• Despite PPI's contention that factual disputes preclude a determination that there

was no agreement on all essential terms of a binding oral contract between PPI and GHS, any alleged oral contract purporting to bind the parties indefinitely or for anything beyond a 12-month term would be barred by either of the applicable statutes of fraud.  PPI's assertion that there is evidence in the record to avoid the statute of frauds problem by allowing a jury to conclude the limited sale or sales achieved constituted "partial performance" of a contract for an indefinite or 18-month term is dubious on the record before me.

- There is no evidence in the record to support a contractual term for 20% of "all" ValuShare revenue and no cause of action premised on the existence of such a term may stand.

- Even assuming the existence of (1) an oral agreement for 20% share of any ValueShare contracts in which PPI was "involved" on a sale-by-sale basis that (2) is not otherwise barred by the statute of frauds, there is scant evidence in the record to support PPI's contention that such a contract was breached.   If the parties had only a sale-by-sale agreement, the fact PPI was paid for its work securing the St. John ValuShare transaction would preclude an action for breach on that basis.  The assertion that GHS breached contractual obligations to "secure rapid OIG approval" of opportunities brought to it by PPI under a sale-by-sale arrangement likely fails for lack evidence that the parties agreed to such a term in the first place or, if they did, for lack of evidence that GHS breached the term. Specifically, the record suggests the "delay" in securing OIG approval was more the result of PPI's failure to secure and submit for approval a sufficient number of

ValueShare programs than any failure on GHS's part to approve them in a timely fashion.  It appears PPI submitted six programs in twelve months rather than the twelve it agreed to secure and submit.

• PPI's claim that GHS breached contractual obligations to pay certain of its production, presentation and travel expenses fails to the extent those obligations were independently negotiated between PPI and the customer.

• To the extent PPI's theory of promissory estoppel seeks to establish that a viable and enforceable contract between the parties arose as a result of GHS's oral representations and PPI's performance in reliance thereon, that theory merely reiterates PPI's theory of "partial performance" as a means of avoiding the statute of frauds and the same infirmities articulated above.

• Notwithstanding the weaknesses in PPI's contractual/quasi-contractual theories of relief, PPI may be entitled to disgorgement of benefits conferred or restitution of amounts expended in pursuing and performing in a business relationship with GHS under an equitable theory of unjust enrichment.  PPI's equitable remedy will be limited by its ability to prove that GHS enjoyed a quantifiable financial benefit as a result of PPI's reliance or that PPI incurred costs and expenses for which it has not already been compensated.

• I suggest PPI's fraud and negligent misrepresentation theories are attempts to end-run the limitations of its contractual theories of relief and as such are barred by the economic loss rule.  I see no independent duties outside of those that arose only by virtue of the parties' contractual negotiations that are implicated here.  In short,

PPI's remedies at law, if any, sound in contract, not tort.  If there was no contract or no breach of contract, PPI's remedies, if any, sound in equity.  I urge the parties to consider this issue as set forth in *Tuchman v. Pell Rudman*, 245 F. Supp.2d 1156, 1158-60 (D. Colo. 2003)(Kane, J.)(applying *Grynberg v. Agri Tech, Inc.*, 985 P.2d 59, 61-62 (Colo. App. 1999) and *Town of Alma v. AZCO Constr. Co.*, 10 P.3d 1256 (Colo. 2000)).  "The fundamental distrinction in cases allowing or not allowing tort claims in addition to claims for breach of contract is not that the common law recognizes a duty of care that is independent, generally, of duties that may be bargained for in contract, but whether the duty of care recognized in common law truly is, in a particular case, independent of the duties the parties have, in fact, allocated [or here, attempted to allocate] to each other in contract." *Id.* at 1160 (citing *Grynberg* at 62).

Based on the foregoing, I am inclined to grant GHS's Motion for Summary Judgment on all of PPI's contract and tort claims, allowing only PPI's claim for unjust enrichment to proceed to trial.  I will reserve judgment on that until oral argument, however, at which time the parties may attempt to persuade me otherwise.  In the interim, should the parties wish to be referred to Magistrate Judge Watanabe for settlement, they should contact my chambers.

Dated this  29th day of August, 2006.

BY THE COURT:

**s/John L. Kane**
SENIOR U.S. DISTRICT JUDGE

4